UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NADIA WINSTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-454** |
| **JEFFERSON PARISH HOUSING AUTHORITY, ET AL.** | **SECTION: "G"** |

## ORDER AND REASONS

Pending before the Court are Defendant Valerie Pruitt's ("Pruitt") "Motion to Dismiss"[1] and Defendants Soly Rosario ("Rosario") and Michele Livingston's ("Livingston") "Motion to Dismiss."[2] Plaintiff Nadia Winston has not filed an opposition to the motions, and therefore the motions to dismiss are deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it not required to do so.[3] Considering the motions, the memoranda in support, the record, and the applicable law, the Court denies the motions and grants Plaintiff leave to amend the Complaint.

## I. Background

On March 29, 2021, Plaintiff filed a Complaint in this Court against Defendants the Jefferson Parish Housing Authority ("JPHA"), Rosario, Livingston, and Pruitt (collectively, "Defendants").[4] Plaintiff seeks to recover money she alleges is owed to her under the Jefferson

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 22.

[3] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir.1993).

[4] Rec. Doc. 8.

Parish Family Self Sufficient Program (the "FSSP").[5] She alleges that she is owed $45,000 from FSSP, and is seeking $90,000 "due to the amount of time it has taken to give money owed due to mental anguish, emotional distress as [she] ha[s] a disability."[6] She asserts that she has "reached all of [her] goals prior to termination" of the program, and that JPHA is aware of this.[7] Nevertheless, she asserts that "no one is helping [her]," and that she has "contacted several parties about the money owed and retaliation and discrimination and also privacy violation."[8]

The Complaint identifies Rosario as a "supervisor" of the JPHA, Livingston as a "director" of JPHA, and Pruitt as "FSS Program Coordinator HUD."[9]

On August 20, 2021, Pruitt filed a motion to dismiss.[10] On August 23, 2021, Rosario and Livingston filed an identical motion to dismiss.[11] Both motions to dismiss were noticed for submission on September 8, 2021.[12] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[13] On September 4, 2021, due to the ongoing impacts of Hurricane Ida, the undersigned Chief Judge issued General Order No. 21-12 suspending all deadlines for thirty days commencing from August 26, 2021.[14] Thus, the deadline

---

[5] Rec. Doc. 8-1 at 3.

[6] *Id.* at 3.

[7] *Id.* at 10.

[8] *Id.* at 6.

[9] *Id.* at 2.

[10] Rec. Doc. 20.

[11] Rec. Doc. 22.

[12] 20-4/22-3???.

[13] EDLA Local Rule 7.5.

[14] EDLA General Order 21-12.

2

for Plaintiff to oppose the motions was extended to September 27, 2021. To date, no opposition has been filed. Therefore, the Court deems the motions to be unopposed.

## II. Parties' Arguments

A.    *Pruitt, Rosario, and Livingston's Arguments in Support of the Motions to Dismiss*

The arguments put forward in the motion filed by Pruitt are identical to those put forward in the motion filed by Rosaio and Livingston. All three defendants move this Court to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[15] All three defendants argue that Plaintiff entered into a contract regarding the FSSP with the JPHA, not the defendants themselves.[16] All three defendants contend that Plaintiff has failed to provide any specific allegations against the defendants and therefore, Plaintiff's claims must be dismissed.[17]

B.    *Plaintiffs' Arguments in Opposition to the Motion to Dismiss*

Plaintiff is proceeding *pro se* and has not filed an opposition to the motions to dismiss.

## III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[18] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[19] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[20] "Factual allegations must be enough to raise a right to relief above the

---

[15] Rec. Doc. 20; Rec. Doc. 22.

[16] Rec. Doc. 20-1; Rec. Doc. 22-1.

[17] Rec. Doc. 20-1; Rec. Doc. 22-1.

[18] Fed. R. Civ. P. 12(b)(6).

[19] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

speculative level."[21] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[22]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[23] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[24] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[25] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[26]

The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[27] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[28] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[29] If factual allegations are insufficient to raise a right to relief above the speculative level,

---

(2008)).

[21] *Twombly*, 550 U.S. at 556.

[22] *Id.* at 570.

[23] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[24] *Iqbal*, 556 U.S. at 677–78.

[25] *Id.* at 679.

[26] *Id.* at 678.

[27] *Id.*

[28] *Id.*

[29] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[30]

When a party is proceeding *pro se*, their filings are to be "liberally construed."[31] "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[32] The Court should "examine all of [the] complaint, including attachments."[33] Nevertheless, a pro se complaint must still "set forth facts giving rise to a claim on which relief may be granted."[34]

### IV. Analysis

In support of dismissal, Pruitt, Rosario, and Livingston argue that the FSSP involves contracts between participants and the JPHA, and that they are not parties to Plaintiff's FSSP contract with JPHA.[35] They further argue that the Complaint does not state a cause of action against them because it does not allege that they were parties to the contract, nor does the Complaint offer any allegations of what they did to breach the contract.[36]

The Court agrees. Construing the Complaint liberally, as the Court must given Plaintiff's *pro se* status, the Complaint does not provide "a short and plain statement of the claim showing

---

[30] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[31] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[32] *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[33] *Clark v. Huntleigh Corp.*, 119 F. App'x 666, 667 (5th Cir. 2005).

[34] *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

[35] Rec. Doc. 20-1 at 2–3; Rec. Doc. 22-1 at 2–3.

[36] *Id.*

that the pleader is entitled to relief," as required under Rule 8.[37] The Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[38] The Complaint here does not allege any facts regarding what actions Pruitt, Rosario, and Livingston took that entitle Plaintiff to relief. Therefore, the Complaint is insufficient to state a claim against Pruitt, Rosario, and Livingston.

However, Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."[39] When a party is proceeding *pro se*, a court "generally . . . errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."[40] Accordingly, the Court will grant Plaintiff leave to amend the Complaint. The amended complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[41] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[42]

### V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Valerie Pruitt's "Motion to Dismiss"[43] is

---

[37] Fed. R. Civ. P. Rule 8(a)(2).

[38] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

[39] Fed. R. Civ. P. Rule 15(a)(2).

[40] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[42] *Twombly*, 550 U.S. at 570.

[43] Rec. Doc. 20.

**DENIED.**

**IT IS FURTHER ORDERED** that Defendants Soly Rosario and Michele Livingston's "Motion to Dismiss"[44] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Nadia Winston is granted leave to amend the complaint within 30 days of this Order to cure the deficiencies noted, if possible. If Plaintiff fails to amend the Complaint, or if Plaintiff amends the Complaint and the amendments do not cure the deficiencies identified in this Order, Defendants are granted leave to file responsive motions if necessary.

**NEW ORLEANS, LOUISIANA**, this  30th  day of October, 2021.

**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[44] Rec. Doc. 22.