UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NADIA WINSTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 21-454**<br>**c/w 21-456** |
| **JEFFERSON PARISH HOUSING AUTHORITY, ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

Pending before the Court is Defendant Jefferson Parish Housing Authority's ("JPHA") "Motion for Summary Judgment."[1] Plaintiff Nadia Winston ("Plaintiff") has not filed an opposition to the motion, and therefore the motion is deemed unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[2] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

### I. Background

On March 29, 2021, Plaintiff filed civil action No. 21-454 in this Court against Defendants Jefferson Parish Housing Authority ("JPHA"), Soly Rosario, Michele Livingston, and Valerie Pruitt (collectively, "Defendants").[3] Plaintiff seeks to recover money she alleges is owed to her under the Jefferson Parish Family Self Sufficient Program (the "FSSP").[4] She alleges that she is owed $45,000 from FSSP, and is seeking $90,000 "due to the amount of time it has taken to give

---

[1] Rec. Doc. 40.

[2] *Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 356 (5th Cir. 1993).

[3] Rec. Doc. 8.

[4] Rec. Doc. 8-1 at 3.

1

money owed due to mental anguish, emotional distress as [she] ha[s] a disability."[5] She asserts that JPHA is aware that she has "reached all of [her] goals prior to termination" of the program.[6] Nevertheless, she asserts that "no one is helping [her]," and that she has "contacted several parties about the money owed and retaliation and discrimination and also privacy violation."[7] The Complaint identifies Rosario as a "supervisor" of the JPHA, Livingston as a "director" of JPHA, and Pruitt as "FSS Program Coordinator HUD."[8]

On October 30, 2021, the Court denied Rosario, Livingston, and Pruitts' Motions to Dismiss, and granted Plaintiff thirty days to amend the complaint to cure the deficiencies noted in the order.[9] Plaintiff did not amend the complaint, and the Court granted Rosario, Livingston, and Pruitt's Second Motion to Dismiss on December 14, 2021.[10]

After filing Civil Action No. 21-454, Plaintiff filed a related suit, Civil Action No. 21-456. Plaintiff filed a complaint in that case on March 4, 2021 against Defendants JHA, Rosario, and Livingston.[11] She similarly alleged that she was owed $45,000 under the FSSP because she completed the requirements of the program. In addition, she asserted that she was discriminated against based on disability and familial status, and she was retaliated against by Defendants.[12]

On December 16, 2021, the Court denied Defendants Livingston and Rosario's Motion to

---

[5] *Id.* at 3.

[6] *Id.* at 10.

[7] *Id.* at 6.

[8] *Id.* at 2.

[9] Rec. Doc. 31.

[10] Rec. Doc. 32.

[11] 21-456, Rec. Docs. 1, 6.

[12] *Id*. at 4.

Dismiss.[13] The Court found that Plaintiff had failed to state a claim against those Defendants, but granted Plaintiff leave to amend the complaint.[14] Plaintiff did not amend the complaint, and the Court granted Defendants Livingston and Rosario's Second Motion to Dismiss on March 11, 2022.[15]

Therefore, because Defendant JPHA was the only remaining Defendant in each case and Plaintiff's claims against it were the same, the Court granted JPHA's Motion to Consolidate the two cases on March 31, 2022.[16]

On May 12, 2022, JPHA filed the instant Motion for Summary Judgment.[17] The motion was noticed for submission June 1, 2022.[18] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date.[19] Thus, Plaintiff's opposition was due on May 24, 2022. Plaintiff Nadia Winston has not filed an opposition to the motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[20]

---

[13] Rec. Doc. 24.

[14] *Id.*

[15] Rec. Doc. 26.

[16] Rec. Doc. 36.

[17] Rec. Doc. 40.

[18] *Id.*

[19] EDLA Local Rule 7.5.

[20] *Edward H. Bohlin Co.,* 6 F.3d at 356.

**II. Parties' Arguments**

*A.     Defendant JPHA's Arguments in Support of the Motion for Summary Judgment*

Defendant contends that it is entitled to summary judgment on Plaintiff's claim.[21] Defendant argues that Plaintiff cannot establish a prima facie case of discrimination under the Fair Housing Act. Defendant contends that to establish such a case, Plaintiff must provide proof of discriminatory treatment or discriminatory effect.[22] Defendant argues that, for a discriminatory treatment claim, Plaintiff must show that "the protected trait motivated the challenged action."[23] However, Defendant contends that Plaintiff cannot make such a showing.[24]

Defendant further argues that it properly terminated Plaintiff from the Housing Voucher program, and therefore she is not permitted to recover the funds in her account.[25] Defendant contends that under the program's regulations, "the funds in the [account] are forfeited under certain circumstances, such as the participant's termination from the [Housing Choice Voicer Program] program."[26] Defendant argues that Plaintiff was properly terminated for failing to timely report her income and for failing to disclose her marriage and that her husband was living with her.[27]

*B.     Plaintiff's Arguments in Opposition to the Motion to Dismiss*

Plaintiff is proceeding *pro se* and has not filed an opposition to the Motion for Summary

---

[21] Rec. Doc. 40-6.

[22] *Id.* at 5.

[23] *Id.*

[24] *Id.*

[25] *Id.* at 6.

[26] *Id.*

[27] *Id.*

4

Judgment.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[29] All reasonable inferences are drawn in favor of the nonmoving party.[30] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[31] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[32] The nonmoving party may not rest upon the pleadings.[33] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[34]

The party seeking summary judgment always bears the initial responsibility of showing

---

[28] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[30] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[31] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[32] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[33] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[34] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[35] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[36] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[37] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[38]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[39] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[40]

### IV. Analysis

The Complaints filed in each of the now-consolidated cases do not clearly articulate the claims asserted against JPHA. However, Plaintiff appears to assert that she is owed funds under

---

[35] *Celotex*, 477 U.S. at 323.

[36] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[37] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[38] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[39] *Little*, 37 F.3d at 1075 (internal citations and quotation marks omitted).

[40] *Morris*, 144 F.3d at 380.

the Jefferson Parish Family Self Sufficient Program and that she was discriminated against under the Fair Housing Act.

This case arises out of Plaintiff's participation in the Housing Choice Voucher Program ("HCVP") and Family Self-Sufficiency Program ("FSSP"). The HCVP program provides federally funded vouchers for participants to obtain housing. The program runs in conjunction with FSSP, which allows participating families to participate in HCVP housing while increasing the family's income.[41] The FSSP program "utilizes an escrow-type account . . . into which a percentage of the increased family income is deposited."[42] However, if the participant is terminated from the program, "the funds in the family's FSS account will revert to the [Public Housing Agency] maintaining the FSS account for the family."[43] Defendant points to evidence suggesting that Plaintiff was terminated from the program for violating two requirements of the program.[44] Plaintiff has not filed an opposition, and thus has failed to put any facts in dispute. Therefore, JPHA is entitled to summary judgment on this claim.

Plaintiff also appears to assert a claim for discrimination. The Fair Housing Act prohibits discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin.[45] The FHA permits an "aggrieved person" to bring a housing-discrimination lawsuit.[46] "An 'aggrieved person' includes any person 'who claims to have been injured by a discriminatory

---

[41] 24 C.F.R. § 984.101.

[42] Rec. Doc. 40-2; 224 C.F.R. § 984.305.

[43] 24 C.F.R. 984 § 306(f)(2).

[44] Rec. Doc. 40-6 at 4.

[45] *Tenth Street Residential Association v. City of Dallas, Tex.*, 968 F.3d 492, 499 (5th Cir. 2020).

[46] *Id.*

housing practice.'"[47] A violation of the Fair Housing Act may be shown either by "proof of discriminatory intent" or "by a showing of a significant discriminatory effect."[48] In a discriminatory effects case, the relevant question is "whether a policy, procedure, practice specifically identified by the plaintiff has a significantly greater discriminatory impact on members of a protected class."[49]

JPHA argues that Plaintiff cannot present any evidence of discriminatory intent or discriminatory effect.[50] Plaintiff has not filed an opposition and therefore has failed to offer any evidence to support her discrimination claims. Therefore, JPHA is entitled to summary judgment.

Lastly, Plaintiff appears to assert a claim for retaliation. "To state a claim for retaliation under the FHA, the plaintiff must show: 1) she was engaging in a 'protected activity;' 2) the subsequent actions of the defendant were causally linked with her exercise of that protected activity; and 3) she suffered some resulting damage."[51] JPHA argues that Plaintiff cannot present any evidence that JPHA's actions were based on a retaliatory motive.[52] Plaintiff has not filed an opposition and therefore has failed to offer any evidence in support of this claim. Therefore, JPHA is entitled to summary judgment.

---

[47] *Id.*

[48] *Henson v. Veterans Admin.*, 800 F.2d 1381, 1387 (5th Cir. 1986).

[49] *Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996).

[50] Rec. Doc. 40-6.

[51] *Scruggs v. Marshall Hous. Auth.*, 232 F.3d 210, 2000 WL 1273473 *2 (5th Cir. 2000).

[52] Rec. Doc. 40-6 at 6.

## V. Conclusion

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant JPHA's Motion for Summary Judgment[53] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this  15th  day of June, 2022.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[53] Rec. Doc. 40.